Arthur ADAMS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Willie MULLINS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. Nos. 81–0190(B), 82–0001(A).

United States District Court,
W.D. Virginia,
Abingdon and Big Stone Gap Divisions.

June 1, 1983.

See also, D.C., 566 F.Supp. 1047.

Joseph E. Wolfe, Norton, Va., for Adams.

Martin Wegbreit, Castlewood, Va., for Mullins.

E. Montgomery Tucker, Thomas J. Bondurant, Roanoke, Va., Gabriel Imperato, Baltimore, Md., for Heckler.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Arthur Adams has filed a complaint challenging the final decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Willie Mullins has filed a complaint challenging the final decision of the Secretary of Health and Human Services denying his claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 *et seq.* Jurisdiction of this court is established in both cases pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Inasmuch as both cases involved common questions of fact and law, the proceedings were consolidated for the purpose of consideration by order entered January 25, 1982. Shortly thereafter, plaintiffs filed a motion seeking certification of a class of similarly situated social security claimants. The motion for class certification is considered in a separate memorandum opinion and order to be entered this day. In this opinion, the court will consider the appeals of the individual plaintiffs.

Both plaintiffs have moved for remand of their cases to the Secretary for further consideration. The basis for the remand motion is that in denying benefits, the Secretary relied in significant degree on a medical analysis from Dr. Larry E. Martin.[1] In earlier proceedings before this court, as manifested by a number of orders beginning on July 8, 1981, this court has determined that the procedures and practices of Dr. Martin and his associates in producing social security consultative reports are deceptive and fraudulent. In a number of these earlier cases, the Secretary's legal representatives have indicated that as a matter of standing policy, the Secretary intends to enter no objection to remand of such cases in which the Secretary had relied on consultative reports from Dr. Martin in denying benefits.[2]

The court finds "good cause" for remand of these two cases for further consideration. *See* 42 U.S.C. § 405(g), as amended. As to Adams, it is obvious that a new administrative hearing must be conducted. As to both cases, the court remains persuaded that for reasons stated in a memorandum opinion filed on October 1, 1981 and attached as an appendix hereto, reliance on Dr. Martin's reports in the denial of social security benefits cannot be deemed to be supported by "substantial evidence." The court finds that the rationale of its opinion of October 1, 1981 is fully applicable to the circumstances of the instant cases. For reasons stated in that opinion, the Secretary, upon remand, will wish to delete Dr. Martin's reports from the existing administrative records. If the Secretary is unable to decide either of these cases in the claimant's favor on the basis of the existing record and medical evidence exclusive of Dr. Martin's reports, the Secretary will conduct supplemental administrative hearings in such case(s) at which both sides will be allowed to present additional evidence and argument. Appropriate orders of remand will be entered this day.

---

1. The Secretary was unable to produce an administrative transcript in the Arthur Adams case due to an inability to prepare the transcript of the administrative hearing. However, it is undisputed that a report from Dr. Martin was considered in the decision denying Adams' claim for benefits.

2. The Secretary initially moved for remand of the Adams case so that a new administrative hearing might be conducted. *See* n. 1 *supra.*

The Secretary initially objected to the motion for remand in the Mullins case based on a review of Dr. Martin's report by another medical expert. However, at the time of the oral argument relative to plaintiffs' class certification motion, the Secretary's legal representative agreed that both cases should be remanded to the Secretary for reconsideration exclusive of Dr. Martin's medical report.

## APPENDIX

| | | |
|---|---|---|
| HARRY N. HURD | ) | CIVIL ACTION NO. 80–0309(A) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| BETTY L. HAULSEE | ) | CIVIL ACTION NO. 81–0005(A) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| PATSIE A. FLETCHER | ) | CIVIL ACTION NO. 81–0097(A) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| CALVIN REECE | ) | CIVIL ACTION NO. 80–0096(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| E. M. GILLIAM | ) | CIVIL ACTION NO. 80–0316(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |

| | | |
|---|---|---|
| KENNY LANE | ) | CIVIL ACTION NO. 81–0029(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| RICHARD WOODS, JR. | ) | CIVIL ACTION NO. 81–0055(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| LORENE C. GIBSON | ) | CIVIL ACTION NO. 81–0077(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| MINNIE PHIPPS | ) | CIVIL ACTION NO. 81–0089(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |
| BURETA M. MEADE | ) | CIVIL ACTION NO. 81–0107(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |

| | | |
|---|---|---|
| BROUDIS BLOOMER | ) | CIVIL ACTION NO. 81–0153(B) |
| Plaintiff | ) | |
| v. | ) | |
| RICHARD S. SCHWEIKER<br>Secretary of Health and<br>Human Services | )<br><br>) | |
| Defendant | ) | |

## MEMORANDUM OPINION

These cases consist of appeals from administrative denials of social security benefits. Jurisdiction of this court is vested pursuant to 42 U.S.C. § 405(g). In each case, both plaintiff and defendant have moved the court for remand of the case to the Secretary of Health and Human Services for further proceedings. Inasmuch as all cases involve the same consideration, the cases are consolidated for the pronouncement of an appropriate opinion.

The court finds "good cause" for remand in all the cases. See 42 U.S.C. § 405(g). A review of the records in these cases reveals that in denying benefits, the Secretary relied in substantial degree on consultative medical reports from Dr. Larry E. Martin. In earlier proceedings, manifested by order entered July 8, 1981, this court determined that the practices and procedures. of Dr. Martin and his associates in producing such social security consultative reports are deceptive and fraudulent. Testimony from Dr. Martin established that in general practice, he would examine a claimant for a few minutes and then dictate a few cursory notes. Another doctor in the medical group, who had never seen the claimant, would then review the notes and produce a written report and physical capacities evaluation. The second doctor would then sign Dr. Martin's name in the report.

Such practice is abominable. While the false signature is deceptive and fraudulent in itself, it is merely the tip of the iceberg. The physical capacities evaluation form requires very specific and detailed findings. A cursory physical examination is simply not adequate for proper completion of the form. It goes without saying that the completion of the form by a doctor who has not even seen the claimant, and based on nothing more than the cursory notes of another doctor, constitutes an affront to the government, to the court, certainly to the claimant, and to ethical principles in general. Such ridiculousness is compounded by the fact that the medical vocational guidelines, which now govern such disability evaluations, accord great emphasis to the findings contained in a physical capacities evaluation form.

The Secretary's reliance on such fraudulent reports renders his final decisions meaningless. The only realistic solution is to permit the Secretary to make new findings based on acceptable evidence. While it is unfortunate that the claimants must wait even longer for final disposition, the court is advised by the Secretary that these matters will be processed as expeditiously as possible. Upon remand, the Secretary will issue new final decisions without any reference to or reliance on the findings and opinions of Dr. Martin and his associates. The Secretary will probably wish to delete Dr. Martin's reports from the administrative records. If the Secretary is unable to decide any of these cases in the claimant's favor on the basis of the existing record and medical evidence exclusive of Dr. Martin's reports, the Secretary will conduct supplemental administrative hearings in such case(s) at which both sides will be

allowed to present additional evidence and argument. Appropriate orders of remand will be entered this day.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

DATED: This 1 day of October, 1981.

/s/ Glen M. Williams
United States District Judge.